Filed 1/23/24  P. v. Wang CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B323015 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A576188) |
| v. | |
| WILLIAM WANG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Appellant William Wang, also known as Wei Wen Wang, whom a jury convicted of two counts of first degree murder among other charges, appeals from the resentencing court's finding after a hearing that Wang failed to make a prima facie showing for resentencing under Penal Code[1] section 1172.6, subdivision (a).

A resentencing court may consider the record of conviction at the prima facie stage "to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971; see also *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*.) We conclude that as a matter of law, Wang failed to demonstrate a prima facie case for resentencing on his two murder convictions because the record of conviction shows the jury necessarily found all elements of felony murder under current law. Although the jury also convicted Wang of attempted murder, he concedes he is not entitled to resentencing on that conviction. We thus affirm.

---

[1] Undesignated statutory citations are to the Penal Code.

# BACKGROUND

**1.** *Wang's description of events leading to the conviction[2]*

On appeal, Wang states he "is serving a sentence of life without the possibility of parole for his involvement in a robbery on February 5, 1988, that erupted into a gun battle resulting in the deaths of two Drug Enforcement Administration ('DEA') agents and the attempted murder of a third DEA agent. Two of the perpetrators also were killed in the shooting. Appellant [Wang] was shot nine times but survived. The robbery was the culmination of a DEA undercover operation related to the importation of heroin from Thailand."

He also recites in his appellate briefing, "On February 5, 1988, Frank Kow, Michael Sun, appellant, and Michael Chia were involved in the sale of heroin to DEA Agents Paul Seema, Jose Martinez, and George Montoya." During the course of the transaction, "Kow and appellant opened fire on them [the undercover agents]." Wang further states the agents were in a Volvo and after the shooting, Agent Seema was "laying face down on the right side of the Volvo without a pulse. Agent Montoya was laying face up outside of the Volvo bleeding from his nostrils."

Wang also summarizes his statements after the killings made during an interview with officers. According to Wang, he

---

[2] The facts underlying the conviction are not relevant to any legal issue on appeal. The jury instructions and jury verdict are dispositive. For purposes of this appeal only, we quote Wang's description of events to provide context for the jury instructions.

3

admitted that the night before the robbery, he delivered a .45 caliber pistol and a box of ammunition to Kow. Also according to Wang, Kow used the .45 caliber pistol during the robbery and shooting.

## 2. *Wang's counsel's jury argument*

During the guilt phase of Wang's trial at which he was the sole defendant, Wang's counsel chose not to make closing argument.

During the penalty phase, Wang's counsel argued: "I am representing this 18-year-old kid who participated in a robbery, who was brought in by a 25, 27-year-old dope dealer, petty dope dealer, Frank Kow; told he was going to participate in a robbery and killing and it was supposed to be dope dealers. [¶] And he goes along with it. He does it." Counsel indicated that Wang "admitt[ed] his responsibility in the crime. He shot them."

## 3. *Jury instructions*

The trial court instructed the jury that "[o]ne who aids and abets is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but he is also liable for the natural and probable consequences of any act that he knowingly and intentionally aided or encouraged."

The court instructed the jury on conspiracy as well: "A member of a conspiracy is not only guilty of the particular crime that to his knowledge his confederates are contemplating committing, but is also liable for the natural and probable consequences of any act of a co-conspirator to further the object of the conspiracy even though such act was not intended as a part of the original plan and even though he was not present at the time of the commission of such act."

4

The court told the jury that first degree murder is a "wilful, deliberate and premeditated killing with express malice aforethought . . . ." The court further instructed, "If you find that the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill which was the result of deliberation and premeditation so that it must have been formed upon pre-existing reflection and not under a sudden heat of passion or other condition precluding the idea of deliberation, it is murder of the first degree." The court also explained premeditation: "To constitute a deliberate and premeditated killing, the slayer must weigh and consider the question of killing and the reasons for and against such a choice and, having in mind the consequences, he decides to and does kill."

Regarding felony murder, the court told the jury, "The unlawful killing of a human being—whether intentional, unintentional or accidental—which occurs during the commission or attempted commission of the crime of robbery is murder of the first degree . . . ."

The court instructed the jury on the robbery murder special circumstance as follows: "If defendant was an aider and abettor but not the actual killer, it must be proved beyond a reasonable doubt that he intended to aid in the killing of a human being before you are permitted to find the alleged special circumstance of that first degree murder to be true as to defendant."

The court further instructed the jury: *"To find that the special circumstance referred to in these instructions as murder in the commission of robbery is true, it must be proved:* [¶] *1. That the murder was committed while the defendant was engaged in or was an accomplice in the commission of a robbery;* [¶] *2. That the defendant intended to kill a human being or intended to aid*

5

*another in the killing of a human being;* [¶] *3. That the murder was committed in order to carry out or advance the commission of the crime of robbery or to facilitate the escape therefrom or to avoid detection."* (Italics added.)

The court instructed the jury that "[i]t is further alleged that, at the time of the commission of the crimes charged in counts one, two, three and four of the information, that *the defendant discharged a firearm at an occupied motor vehicle which caused great bodily injury and death to another.* [¶] If you find defendant guilty of the crimes charged in counts one, two, three and four of the information, you must determine whether or not the truth of this allegation has been proved. [¶] The People have the burden of proving the truth of this allegation. (Italics added.)

4. ***The jury convicts Wang of two murders and one attempted murder and finds true the special circumstances and firearm allegations***

As relevant to this appeal, the jury convicted Wang as follows:

a. *Count 1—Murder of Paul Seema*

The jury found Wang guilty of the first degree murder of Seema. The jury found the robbery murder special circumstance true. The jury further found Wang personally used a firearm and that he discharged a firearm at an occupied vehicle causing death. The jury found a principal was armed with a firearm.

b. *Count 2—Murder of George Montoya*

The jury found Wang guilty of the first degree murder of Montoya. The jury found the robbery murder and multiple

6

murder special circumstances true. The jury found Wang personally used a firearm and that he discharged a firearm at an occupied motor vehicle causing death. The jury found a principal was armed with a firearm.

### c. Robbery

The jury found Wang guilty of second degree robbery. The jury found that in the commission of the robbery, Wang personally used a firearm and discharged a firearm at an occupied motor vehicle causing great bodily injury and death.

The jury also convicted Wang of the attempted murder of Jose Martinez. On appeal Wang concedes he is not eligible for resentencing for that attempted murder count.

## 5. *Appeal from the judgment of conviction*

Wang appealed from the judgment of conviction and this court affirmed. (*People v. Wang* (June 3, 1992, B049641) [nonpub. opn].) In discussing the special circumstance instruction, we stated the jury finding that Wang personally used a revolver during the murders of Seema and Montoya indicated the jury convicted Wang as the actual killer, not an aider and abettor. (*Ibid.*)

## 6. *The resentencing court denies Wang's petition for resentencing*

After Wang petitioned for resentencing, the resentencing court appointed counsel and held a hearing. The resentencing court found that as a matter of law Wang, did not make a prima facie showing for relief. Based on the record of conviction, the resentencing court found Wang was the actual killer. The court stated, "[I]n this case the record of conviction demonstrates that

7

petitioner cannot make a prima facie showing based on the jury instructions and the verdicts. The court rules and finds that the jury determined that Mr. Wang was the actual killer. And reviewing the facts in the record, there was really incontrovertible evidence that he was the actual killer . . . ."

## DISCUSSION

### A.     Resentencing Under Section 1172.6

Prior to 2019, a jury could convict a defendant of murder under the felony-murder rule and natural and probable consequences doctrine without finding malice. Under the felony-murder rule as it existed before 2019, malice was imputed if the defendant intended to commit the underlying qualifying felony. (*People v. Chun* (2009) 45 Cal.4th 1172, 1184 [" 'The felony-murder rule imputes the requisite malice for a murder conviction to those who commit a homicide during the perpetration of a felony inherently dangerous to human life.' "].) Under the natural and probable consequences doctrine, as it existed before 2019, an aider and abettor could be held liable for any offense that was the natural and probable consequence of the crime aided and abetted. (*People v. Chiu* (2014) 59 Cal.4th 155, 158 [describing former law].)

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 2–4) modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a murder theory (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843) and more narrowly defining felony murder (*Strong*, *supra*, 13 Cal.5th at p. 703; §§ 188, subd. (a)(3), 189, subd. (e)(3)). Senate Bill No. 1437 also added former section 1170.95 providing the

8

procedure for a defendant convicted of felony murder or murder based on the natural and probable consequences doctrine to request resentencing relief.  (*Gentile*, at p. 843.)

Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) amended section 1170.95. In addition to convictions based on the natural consequences and felony murder doctrines, persons convicted on a "theory under which malice is imputed to a person based solely on that person's participation in a crime" are eligible for resentencing relief. (§ 1172.6, subd. (a); see also former § 1170.95, subd. (a).)  The bill clarified that persons convicted of attempted murder or manslaughter also may petition for resentencing.  (*People v. Whitson* (2022) 79 Cal.App.5th 22, 30.)  It further clarified that the burden of proof applicable in the evidentiary hearing is beyond a reasonable doubt.  (*People v. Owens* (2022) 78 Cal.App.5th 1015, 1020–1021.)  The Legislature then renumbered former section 1170.95 to section 1172.6 without substantive change.  (*Strong*, *supra*, 13 Cal.5th at p. 708, fn. 2, citing Stats. 2022, ch. 58, § 10.)

Section 1172.6 describes a multipart process for resentencing petitions.  The first step is making a prima facie case for relief.  "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.]  If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition."  (*Strong*, *supra*, 13 Cal.5th at p. 708.)  When evaluating a petition, the resentencing court may

9

consider the record of conviction.  (*Lewis*, *supra*, 11 Cal.5th at
p. 972.)

In *People v. Curiel* (2023) 15 Cal.5th 433, our Supreme
Court held that "a petitioner who alleges that he or she could not
currently be convicted of a homicide offense 'because of changes
to Section 188 or 189 made effective January 1, 2019' (§ 1172.6,
subd. (a)(3)) puts at issue all elements of the offense under a valid
theory."  (*Curiel*, at p. 462.)  The allegation "is not refuted by the
record unless the record conclusively establishes every element of
the offense.  If only *one* element of the offense is established by
the record, the petitioner could still be correct that he or she
could not currently be convicted of the relevant offense based on
the absence of *other* elements."  (*Id*. at p. 463.)  *Curiel* did not
consider the mental state required for felony murder.  (*Id*. at
p. 470, fn. 7.)

In *Strong*, our high court did consider the prerequisites for
a prima facie case of felony murder.  As relevant here, *Strong*
explained:  "Penal Code section 189, as amended, now limits
liability under a felony-murder theory principally to 'actual
killer[s]' (Pen. Code, § 189, subd. (e)(1)) and those who, 'with the
intent to kill,' aid or abet 'the actual killer in the commission of
murder in the first degree' (*id*., subd. (e)(2)).  Defendants who
were neither actual killers nor acted with the intent to kill can be
held liable for murder only if they were 'major participant[s] in
the underlying felony and acted with reckless indifference to
human life, as described in subdivision (d) of [Penal Code]
Section 190.2'—that is, the statute defining the felony-murder
special circumstance."  (*Strong*, *supra*, 13 Cal.5th at p. 708.)

10

## B. Wang Is Ineligible for Resentencing

The denial of a resentencing petition at the prima facie stage is a legal question, which we review de novo. (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

The jury's findings show as a matter of law that Wang committed the felony murder of Montoya and Seema as felony murder is defined under current law. Section 189 provides that murder committed in the perpetration of a robbery is first degree murder if "one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e).)[3]

The jury's findings demonstrate that Wang was convicted under one of two currently valid felony murder theories. Either he was the actual killer of Seema and Montoya because the jury found that in the commission of the robbery, he discharged a firearm at an occupied vehicle *causing death*. As the actual killer, Wang is not eligible for resentencing. (*Strong*, *supra*, 13 Cal.5th at p. 710 [relief under section 1172.6 is unavailable if the petitioner was the actual killer]; *People v. Garrison* (2021)

---

[3] These requirements do not apply when the victim is a peace officer and the defendant knew or reasonably should have known the victim was a peace officer engaged in the performance of a peace officer's duties. (§ 189, subd. (f).) Here, it appears that Wang did not know Seema and Montoya were federal agents, and we do not rely on the exception applicable to peace officers.

73 Cal.App.5th 735, 745 [actual killer ineligible for resentencing as a matter of law].)

Alternatively, the jury found true that during the robbery for which it convicted Wang, Wang intended to kill or intended to aid in the killings, and actually aided the killer in the murders by discharging a firearm at the occupied vehicle. These findings show all elements of felony murder under current law. In sum, the record of conviction conclusively establishes that Wang is ineligible for resentencing on his murder convictions. (*Lewis*, *supra*, 11 Cal.5th at p. 971 [if the record, including the court's own documents, " ' "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "].)

## C. Wang's Remaining Arguments Do Not Show a Prima Facie Case for Resentencing

Wang argues the record does not show all elements of murder under an aiding and abetting theory. We need not discuss this issue because we have concluded that the jury necessarily found all elements of felony murder under current law.

Wang argues the resentencing court erred in making factual determinations. Wang also argues those purported findings prejudiced him. The resentencing court correctly concluded that based on the jury instructions and verdict, Wang could not demonstrate prima facie eligibility for resentencing. To the extent, if any, the resentencing court made additional factual determinations, those were surplusage. In any event, we have considered Wang's eligibility de novo and conclude he is ineligible as a matter of law.

12

The parties dispute whether for felony murder, Wang was required to assist in the underlying robbery or assist in the murder. As described above, a person commits a felony murder when "[t]he person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree." (§ 189, subd. (e)(2).) We need not resolve the parties' dispute because the jury's findings demonstrate that Wang assisted in both.[4] Specifically, the jury convicted him of robbery and concluded that he discharged a firearm in the commission of the murder.

## DISPOSITION

The order denying William Wang's resentencing petition is affirmed.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.          CHANEY, J.

---

[4] The majority in *People v. Lopez* (2023) 88 Cal.App.5th 566 holds that under the current definition of felony murder, the petitioner must aid and abet the underlying felony. (*Id.* at pp. 577–578.) The dissent concludes the petitioner must aid and abet the murder rather than the underlying felony. (*Id.* at p. 580.)

13